**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 27 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

GREG MAJEWSKI,

      Plaintiff-Appellant,

v.

INNOTRAC CORPORATION,

      Defendant-Appellee.

No. 03-1381
(D.C. No. 02-D-670 (CBS))
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **KELLY** , Circuit Judge, **BRORBY** , Senior Circuit Judge, and **BRISCOE** , Circuit Judge.

---

Greg Majewski appeals from the district court's order granting his former

employer Innotrac Corporation summary judgment on his claims alleging

wrongful discharge. Mr. Majewski originally filed this action in Colorado state

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

court but Innotrac timely removed the case to federal court based upon diversity

jurisdiction. *See* 28 U.S.C. § 1332.

Mr. Majewski raises the following issues:

1. Whether the Trial Court erred in granting Innotrac's Motion for Summary Judgment relative to Mr. Majewski's breach of contract claim?

2. Whether the Trial Court erred in granting Innotrac's Motion for Summary Judgment relative to Mr. Majewski's promissory estoppel claim?

Aplt. Br. at 1.

Our jurisdiction arises under 28 U.S.C. § 1291. We review a district court's grant of summary judgment de novo. *Truck Ins. Exch. v. MagneTek, Inc.*, 360 F.3d 1206, 1214 (10th Cir. 2004). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "When applying this standard, we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." *Truck Ins. Exch.*, 360 F.3d at 1214 (quotation omitted). "The nonmoving party . . . must nonetheless present facts such that a reasonable jury could find in [his] favor." *Id.* (quotation omitted).

Having reviewed the briefs, the record, and Colorado law, we conclude that Mr. Majewski has raised no reversible error in this case. We therefore AFFIRM the challenged decision for substantially the same reasons stated by the district court in its thorough order dated July 30, 2003. *See* Aplt. App. at 138-52.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge